In the Matter of NATHANIEL F. SCHMIDT, an Attorney.

First Department, June 23, 1930.

*Einar Chrystie*, for the petitioner.

*George Z. Medalie*, for the respondent.

FINCH, J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York in October, 1911, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

The petition charges upon information and belief that the attorney has been guilty of misconduct as an attorney at law, in substance, as follows: That the respondent gave false and misleading testimony when examined as a judgment debtor in supplementary proceedings and while a witness in an action in the City Court of the City of New York, wherein he was the defendant and set up a counterclaim for fees for professional services.

An official referee was appointed to take testimony in regard to the charges set forth in the petition and to report thereon to this court with his opinion.   The referee's report states the following facts to be undisputed or to have been established beyond question by the evidence adduced: The respondent had been in general practice as attorney for fourteen years, during which period his practice included many examinations of judgment debtors in proceedings supplementary to execution.   On June 24, 1925, a judgment for $1,025.46 was entered against the respondent in an action brought against him by the Seaboard Sand and Gravel Corporation. Thereafter execution was issued and returned unsatisfied, and an order made directing the respondent to appear for examination as a judgment debtor.   On November 7, 1925, the respondent was examined, his testimony reduced to writing and the respondent swore to the truth thereof.   In that proceeding the respondent testified that he had no bank account except an old account containing a balance of $9 or $10; that none of his clients that owed him money were any good, and that even these clients owed him but a couple of hundred dollars.   The respondent further denied that he knew of any property or rights in property other than those

which he had disclosed.     It further appeared that on October 2, 1925, being the same date upon which the order in supplementary proceedings was served upon the respondent, he was served with a summons and complaint in an action brought against him by Irving Bank-Columbia Trust Company and Jacob Rosenthal, as temporary administrators of the estate of Maurice Steinberg, deceased, to recover a sum claimed to be due upon two promissory notes given by the respondent to Steinberg during his lifetime.    The respondent, in a verified answer, disclaimed liability upon the notes and alleged they had been given in payment of a gambling debt.    The respondent also set up a counterclaim for $2,995.40 alleged to be due for professional services rendered by the respondent to Steinberg.    Upon February 24, 1926, this latter action came on for trial.    The respondent appeared as a witness in support of his counterclaim and testified under oath that he had an extensive practice, several good clients and did a gross average business in 1924 and 1925 of about $35,000 or $40,000 a year; also that he at all times considered the debt of $2,900 a good, valid and legal debt against the deceased and his estate.    The plaintiff in this action recovered a judgment upon the verdict of a jury for the full amount claimed upon the promissory notes and dismissing the respondent's counterclaim.    Upon this judgment also execution was issued and returned unsatisfied, and the defendant examined in supplementary proceedings on September 17, 1926, when he testified that in the year 1924 he earned from his practice about $7,000 and from his business about $8,000, and in 1925 he earned nothing from his business and about $2,000 or $3,000 from his practice.    In this proceeding after the attention of the respondent had been called to his testimony in the first supplementary proceeding to the effect that he had no bank account except an old account containing a balance of nine dollars or ten dollars, he testified again that he had only a small, inactive account with a balance of eight dollars or nine dollars.    Upon cross-examination the respondent testified as follows:   " Q. Isn't it a fact that instead of having one inactive bank account at that time, you had two accounts?    A. I had one personal account and one special account for clients.    Q. Well, did you say anything to the examiner about your special account?    A. He did not ask it.    Q. Is that the only reason you had for not referring to it?    A. Because a special account does not belong to me.    It is clients' moneys, and I knew he could not take it and he could not apply it towards the payment of any judgment.    It was not my property.    I was just the custodian of those funds.    Q. Didn't you know that if he asked if you had a bank account, that he was entitled to know if you had two accounts, whether one was special or not?    A. He did

not ask me that question. Q. He asked you if you had a bank account? A. Yes, and I told him that was my own bank account, and the other bank account, the special, is not mine, it is property of the clients, and I do not mingle my funds with any other clients' funds; and I knew at that time that he asked me about it, that that property — the only reason he had brought me into the supplementary proceedings was to disclose whatever property I might have, subject to a levy, and I knew that the clients' property could not be applied in that way." (Minutes, pp. 159–160.) "* * * Q. * * * Did you deposit any part of your fees in your special account? A. I don't believe so there may have been. Q. Well, if you had deposited any in your special account, it would have been quite important for the examiner to know about it, wouldn't it? A. Yes." (Minutes, p. 162.)

The referee has found, and the evidence sustains his findings, that it was the intention of the respondent when examined as a judgment debtor upon the first occasion to lead his examiner to believe that he had only one old, inactive bank account with a balance of eight dollars or nine dollars; whereas, as a matter of fact, the respondent actually had two accounts in the same bank, one of which he designated as his regular account and the other as his special account; that it conclusively appears that the respondent deposited in his so-called special account, which he stated was maintained for the purpose of separating his clients' funds from his own, fees collected by him from his clients, and that he had mixed his clients' funds with his own funds in his general account; that neither of these accounts was inactive and that during the month immediately preceding the debt upon which the respondent testified as above quoted he had deposited $5,245.20 in his regular account and $5,713.20 in his special account, and from the latter account he withdrew $1,477.88 the day before his examination. The respondent attempts to explain the foregoing obviously glaring inconsistencies in his testimony as a witness in supplementary proceedings and as a cross-complainant, by claiming that the testimony in reference to his earnings was substantially true, in that the testimony as to his earnings in supplementary proceedings was based upon net income, whereas in the trial of the City Court action the respondent claims he was referring to his gross income. The respondent further explains that his failure to disclose his claim against the Steinberg estate upon his examination in supplementary proceedings was due to a mere inadvertence.

The explanation of the respondent utterly fails to carry conviction. We are in accord with the conclusion of the referee that the charges set forth in the petition have been sustained by the

evidence. Particularly is this so with respect to the testimony of the respondent in regard to his bank accounts. The conclusion is inevitable that the respondent has shown a willingness to testify in accordance with the requirements of his self-interest and in utter disregard of the truth. Even in this very proceeding the respondent has been guilty of falsehood in attempting to justify his concealment of the existence of his so-called special account by testifying that it was limited to funds of his clients, and hence that he felt justified in not mentioning it because none of his funds were deposited therein. It was subsequently shown herein that the respondent had deposited in the special account all the fees collected by him during the month previous and that he had deposited in his general account moneys belonging to his clients. The falsity of this testimony was thus clearly demonstrated and under the circumstances the claim of the appellant that it was unintentional is incredible.

The respondent thus stands before this court proven deliberately to have sworn falsely as to the same matter at different times. This precludes a claim by the respondent that such false swearing was done under the pressure of the moment. A man less dishonest would have returned to correct the false testimony. No circumstances appear in mitigation.

The respondent should be disbarred.

McAvoy, Martin and O'Malley, JJ., concur.

Respondent disbarred.